■ In the Matter of the Claim of ALBERT MANCINI, Appellant, v SCOTIA POLICE DEPARTMENT et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Mahoney, P. J. Appeal from a decision of the Workers' Compensation Board, filed June 27, 1986, which denied a claim for emotional disturbance.

On October 20, 1973, claimant, a police officer employed by the Village of Scotia in Schenectady County, suffered head, neck and back injuries as a result of an accident which occurred in the course of his employment. Benefits were awarded and the case was closed after a finding of no causally related disability or permanence.

In November 1979 claimant, suffering from severe depression and nervous exhaustion, filed a claim for benefits on the ground that these conditions were caused by his duties as a police officer. In March 1980 claimant moved to reopen the earlier claim on the ground that his psychological problems were caused by the 1973 incident. After hearings, both applications were denied. The Workers' Compensation Board accepted the case for review and referred the matter to an impartial psychiatrist for examination and opinion as to the causal relationship between claimant's condition and any

accident in the record. After another hearing, the Board found that claimant did not sustain a depressive neurosis or emotional disturbance arising out of or in the course of his employment. Accordingly, the decisions appealed from were affirmed. This appeal by claimant ensued.

Claimant's current psychiatrist testified that the treating psychiatrist believed that claimant suffered from an anxiety problem which was attributable to the 1973 accident and the job in general. However, two other doctors, a psychiatrist and a medical doctor specializing in medical hypnosis, testified that claimant's psychological problems were in no way related to anything which occurred in the course of his employment. The impartial psychiatrist testified that claimant's mental state was caused by harassment, including homosexual advances, allegedly committed by one of claimant's superiors. The supervisor testified that no such advances or harassment took place.

It is for the Board to resolve conflicts in testimony *(see, Matter of Tangredi v GAF Constr. Corp.,* 125 AD2d 811, 812-813), and the Board was free to credit the testimony of claimant's supervisor that no harassment, homosexual or otherwise, took place. It is also for the Board to resolve conflicts in medical testimony *(see, Matter of Haibel v C. G. Haibel, Inc.,* 101 AD2d 678, 679). Here, two medical experts testified that claimant's condition was not job related, while the evidence of another doctor indicated that there was a causal relationship. The impartial psychiatrist admitted that his opinion of causal relationship was premised on the assumption that the alleged homosexual harassment took place. The Board chose not to believe this and, without this premise, the impartial psychiatrist's opinion falls. The Board's decision to credit the evidence of the doctors who found no causal relationship was within its power as the finder of fact. The evidence which the Board chose to believe provides substantial evidence to support its decision.

Decision affirmed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.