■ In the Matter of the Claim of DONNA BROWN, Respondent, v ALOS MICROGRAPHICS CORPORATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Levine, J. Appeal from an amended decision of the Workers' Compensation Board, filed July 12, 1988.

Claimant was employed by Alos Micrographics Corporation in the Village of Walden, Orange County, in a secretarial/administrative capacity for approximately five years until late June 1983, when she left her employment. Previously, on May 27, 1983, claimant attended a meeting at work of employees interested in organizing a company picnic. According to claimant, at the meeting a coemployee suggested a wet T-shirt contest as a possible picnic activity and then made a further suggestion that another employee's brassiere be used as a goalpost flag, should there be a soccer game at the picnic. Claimant alleges that she and the rest of the committee reacted with disgust to these remarks.

On June 8, 1983, the same employee came in and spoke to claimant while she was in her office typing. During the

conversation, he told claimant that he had a dream about her the night before. Claimant alleges he described the dream as "very nice" and "so real that when he woke up he had to make sure it was his wife beside him and not [claimant]". Approximately one week later, the coemployee again had a conversation with claimant, allegedly alluding to another "very nice" dream he had experienced regarding claimant. Claimant contends that both conversations seriously upset her.

Claimant then brought the matter to the attention of Gregory Schloemer, the person in charge of personnel matters at Alos, who obtained a written apology from the coemployee to claimant. Claimant, however, remained upset by these incidents and, on June 24, 1983, left her job at Alos.

Claimant thereafter filed a claim for workers' compensation benefits alleging that she was suffering from stress and anxiety due to the above-described sexual harassment at Alos. A hearing was held in which both claimant's and the employer's medical experts testified that claimant was suffering from a posttraumatic stress disorder which was causally related to the incidents at Alos. The Workers' Compensation Law Judge subsequently determined that claimant had suffered a compensable injury and made an award of benefits. The Workers' Compensation Board ultimately affirmed the decision and this appeal by the employer and its workers' compensation insurance carrier ensued.

On appeal the employer and carrier contend that the Board erred in finding that claimant sustained an accidental psychic injury arising out of and in the course of her employment. Our review is limited to whether there is substantial evidence to support the Board's determination. The Board was entitled to credit claimant's testimony in its entirety and the testimony of both medical experts provides an adequate basis for the Board's conclusion (see, Matter of Mancini v Scotia Police Dept., 141 AD2d 930, 931; Matter of Haydel v Sears, Roebuck & Co., 106 AD2d 759, 760). In addition, the testimony of claimant's attending physician, Dr. Rogelio Roncal, provided substantial evidence supporting the Board's determination that claimant was totally disabled up until 1986. We have considered the other contentions raised by the employer and carrier in this appeal and find them to be without merit.

Amended decision affirmed, without costs. Mahoney, P. J., Kane, Weiss, Levine and Harvey, JJ., concur.