■ In the Matter of the Claim of HORACIO HERNANDEZ, Appellant, v DOMINO SUGAR CORPORATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [664 NYS2d 892] —Yesawich Jr., J. Appeal from a decision of the Workers' Compensation Board, filed October 9, 1996, which, *inter alia*, ruled that claimant did not sustain an accidental injury in the course of employment and denied his claim for workers' compensation benefits.

Claimant, employed by Domino Sugar Corporation as a staff accountant for approximately 19 years, alleged that for the last 15 years of his employment, his co-workers repeatedly stated or implied that he was homosexual, taunted him and subjected him to derogatory comments, causing him to become depressed, anxious, prone to violent thoughts and unable to perform his duties. In 1993 claimant sought workers' compensation benefits, asserting that the stress created by this treatment constituted a compensable, work-related "accident" that had resulted in a disabling mental injury. After a hearing, the Workers' Compensation Law Judge dismissed the claim, and the Workers' Compensation Board, after undertaking its own review and analysis of the record evidence, upheld that determination. Claimant appeals.

We affirm. Claimant's contrary view notwithstanding, the Board did not find that he was actually subjected to the slanderous remarks of which he complains; rather, it concluded that although he perceived that his co-workers were mistreating him, that perception, and the stress resulting therefrom, was caused by nothing more than "the usual irritations and differences to which all workers are occasionally subject". The

record, particularly claimant's personnel file and the testimony of the carrier's psychiatric expert, Theodore Cohen, bears out the Board's finding that the stress which precipitated claimant's mental disorders was not the product of any true harassment, but of ordinary workplace irritations. This conclusion is also corroborated by claimant's own medical expert, who diagnosed claimant as having a paranoid personality, a condition characterized by a baseless belief that one is being persecuted or harassed, and by information contained in claimant's personnel file disclosing that he repeatedly made unsubstantiated accusations of discrimination and unfair treatment by his supervisors, when in fact it was his own disruptive behavior or documented shortcomings that had led to the actions of which he complained.

Taken together, these factors provide a rational basis from which the Board could find that while claimant's perceptions of his co-workers' behavior may have aggravated his adjustment disorder, those perceptions were precipitated by nothing more than ordinary interpersonal difficulties as exacerbated by claimant's preexisting paranoia. In these circumstances, and given Cohen's testimony that claimant's allegedly disabling condition was not caused by his work environment, we cannot say that the Board wrongly decided, as a factual matter, that claimant's mental injury did not result from any employment-related "accident" within the meaning of the Workers' Compensation Law (*cf.*, *Matter of Velazquez v Triborough Bridge & Tunnel Auth.*, 156 AD2d 922, 923; *Matter of Everett v A.S. Steel Rule Die Corp.*, 106 AD2d 181, 183-184, *affd* 66 NY2d 683; *Matter of Rothenberg v Rothenberg, Levinson,* 74 AD2d 666, 667). There being substantial evidence in the record from which the Board could make the findings and reach the conclusions it did, reversal is unwarranted (*see, Matter of Mancini v Scotia Police Dept.*, 141 AD2d 930, 931).

Claimant's remaining contentions have been reviewed and found to be without merit.

Mikoll, J. P., Mercure, Crew III and White, JJ., concur. Ordered that the decision is affirmed, without costs.