■ In the Matter of the Claim of MAURICE KESSLER, Appellant, v FAIRMONT THEATER, INC., Respondent. WORKERS' COMPENSATION BOARD, Respondent. [692 NYS2d 500] —Mikoll, J. P. Appeal from that part of a decision of the Workers' Compensation Board, filed June 23, 1997, which ruled that claimant did not sustain an accidental injury in the course of his employment and denied his claim for workers' compensation benefits.

Claimant was employed for two days in 1986 as a projectionist at a movie theater. His employment was terminated after he failed to show a scheduled film and was ultimately found lying on the floor of the projection booth in an intoxicated condition next to unidentified third party. In March 1987, claimant applied for workers' compensation benefits, asserting that harassment on the part of his employer and his supervisor during his two-day employment caused him to suffer psychiatric injury in the form of a nervous breakdown. He further asserted that his eyes were injured during his employment when they were accidentally exposed to light from the projector.

After a hearing, the Workers' Compensation Law Judge dismissed claimant's application for benefits arising out of his alleged psychiatric injury but found that claimant had presented prima facie evidence of causally related impairment of his vision. That part of his claim was remitted to a Workers' Compensation Law Judge for further development of the record.

Substantial evidence supports the Board's ruling that claimant did not sustain compensable psychiatric trauma induced by on-the-job stress. Included in the record was the testimony of claimant's employer who stated that he had no contact whatsoever with claimant during the two days of his employment. Claimant's supervisor testified that he did not harass claimant although he did chide him for leaving the projection booth during film showings and for drinking alcoholic beverages on the job. It is noteworthy that claimant's psychiatrist testified that he had been treated for psychiatric problems prior to the employment in question. While the evidence presented on claimant's behalf was in conflict with that of the employer, such discrepancies constitute issues of credibility which lie within the province of the Board to resolve (*see, Matter of Ferber v New York Dept. of Corrections, Adirondack Correctional Facility*, 220 AD2d 915, 916). As the Board's decision is based on substantial evidence, it will not be disturbed (*see, Matter of Hernandez v Domino Sugar Corp.*, 245 AD2d 680, 681). Claimant's remaining contentions have been reviewed and found to be without merit.

Mercure, Peters, Carpinello and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.