A90A0989. GARRETT v. K-MART CORPORATION.
(398 SE2d 302)

SOGNIER, Judge.

Jimmie Garrett brought an action against her employer, K-Mart Corporation, seeking damages for injuries she incurred when she fell while at work. The trial court granted K-Mart's motion to dismiss, and Garrett appeals.

The injury at issue occurred on September 19, 1987. Appellant sought benefits under the Workers' Compensation Act (the Act), OCGA § 34-9-1 et seq., but her claim was denied based on the findings of the administrative law judge and the State Board of Workers' Compensation that appellant's injury did not arise out of her employment, see OCGA § 34-9-1 (4), but rather was caused by a pre-existing condition that was not aggravated by her work with appellee. See *Borden Foods Co. v. Dorsey*, 112 Ga. App. 838 (146 SE2d 532) (1965). The instant suit, filed on June 9, 1989, was dismissed by the trial court pursuant to OCGA § 34-9-11, which provides that "[t]he rights and the remedies granted to an employee by this chapter shall exclude all other rights and remedies of such employee, . . . at common law or otherwise, on account of such injury." The trial court held that because appellant was injured "during the course and scope of her employment" she was precluded by OCGA § 34-9-11 from pursuing her common law tort claim against appellee. The trial court's consideration of matters outside the pleadings, namely, the prior proceed-

ings under the Act, require that as to this issue appellee's motion to dismiss be treated as and disposed of as one for summary judgment. OCGA § 9-11-12 (c).

We agree with appellant that an injury which does not "arise out of" the employment is not covered by the Act, even where the injury may have occurred "in the course of" the employment. "Injury" as defined in OCGA § 34-9-1 (4) "means only injury by accident arising out of *and* in the course of the employment." (Emphasis supplied.) It has long been established that both "[a]rising out of and in the course of the employment must concur before the work[ers'] compensation act can apply to an injury to an employee. [Cit.]" *Lumbermen's Mut. Cas. Co. v. Babb*, 67 Ga. App. 161, 164 (19 SE2d 550) (1942). It follows that where, as here, the first statutory requirement is not met, in that the injury did not "arise out of" the employment, the Act is not applicable regardless whether the injury met the second requirement and occurred "in the course of" the employment. We note that although this court's opinions, in determining whether the two requirements of OCGA § 34-9-1 (4) have been met, consistently discuss the matter in terms of whether an injury is "compensable" under the Act rather than whether the injury is "covered" by the Act (see, e.g., *Blair v. Ga. Baptist &c.*, 189 Ga. App. 579, 580-581 (1) (377 SE2d 21) (1988); *Borden*, supra at 838-839 (3)), that terminology has not been employed in a manner to support the reasoning used by the trial court. The substance of those cases is that where an injury fails to meet either of the two statutory requirements under OCGA § 34-9-1 (4), that injury is not covered by or subject to the Act. Cases where the claimed injury was covered by the Act but no compensation was available for the claimant, such as *Venable v. John P. King Mfg. Co.*, 174 Ga. App. 800, 803 (331 SE2d 638) (1985), are distinguishable in that the injuries involved therein nevertheless met the initial statutory requirement of OCGA § 34-9-1 (4) that the injury both "arise out of" *and* occur "in the course of" the employment.

However, a judgment right for any reason is to be affirmed. *Orkin Exterminating Co. v. Walker*, 251 Ga. 536, 539 (307 SE2d 914) (1983). "[T]he doctrines of res judicata and estoppel by judgment are applicable to awards of the State Board of Work[ers'] Compensation on all questions of fact in matters in which it has jurisdiction. [Cits.]" *Woods v. Delta Air Lines*, 237 Ga. 332 (227 SE2d 376) (1976). The doctrine of res judicata applies where there is an identity of parties, an identity of the cause of action, and adjudication by a court of competent jurisdiction. *Georgia Cas. &c. Co. v. Randall*, 162 Ga. App. 532, 533 (292 SE2d 118) (1982). The parties in the case at bar are the same as those at the administrative hearing. As to the remaining two requisites, we find they are controlled here by *Southern Wire &c. v. Fowler*, 217 Ga. 727, 731 (124 SE2d 738) (1962).

A review of the factual determinations made by the ALJ and the Board reveals that several significant matters had been established adversely to appellant, including (1) that both parties to this appeal were subject to the Act; (2) that her fall was caused only by her pre-existing Meniere's Syndrome; (3) that appellant's condition was not aggravated by her work with appellee; (4) that there was nothing on the job which contributed to appellant's fall; and (5) that there was no peculiar danger to which her work exposed her. In her complaint, appellant's allegations do not directly contradict the above findings. Rather, the basis for appellant's complaint is that appellee, through its agents, knew about her tendency to faint (of which she asserts she was unaware) and therefore had superior knowledge of the dangers of appellant's work place, yet appellee continued to employ her in conditions which it knew were especially dangerous to her. (We note that appellant's pleadings do not involve any breach of professional responsibility. Compare *Downey v. Bexley*, 253 Ga. 125 (317 SE2d 523) (1984).)

Construing appellant's pleadings liberally, the most likely interpretation to be given them is that she is alleging a breach of her employer's duty to furnish her with a safe working place under OCGA § 34-7-20. However, in *Southern Wire &c.*, supra, the Supreme Court held that where an employer and employee are under the provisions of the Act, a claim by the employee that the employer failure to furnish the employee with a safe place to work, even if wilfully done, is encompassed within the Act.

Thus, under *Southern Wire &c.*, supra, the question whether appellant's injury arose out of appellee's failure to provide her with an alternate, or safer, work place, was also an issue for adjudication by the ALJ and the Board pursuant to the Act. In the case sub judice, the ALJ and the Board determined that appellant's injury did not arise out of her existing work environment, i.e., that her work place was not the contributing proximate cause of the injury. See *Greene v. Transport Ins. Co.*, 169 Ga. App. 504, 505 (1) (313 SE2d 761) (1984). "The subject workers' compensation award makes no reference whatsoever to the issue of [the safety of appellant's work place], yet it is clear . . . that the ALJ could have adjudicated this issue under [*Southern Wire &c.*, supra.] 'While it is true that if the matter in the pending case was not in fact litigated in the former suit, yet if it could and should under the rules of pleading have been there adjudicated, it is res judicata. . . [.]' [Cit.]" *Ga. Cas. &c. Co.*, supra at 534. Therefore, because " '[a] judgment is conclusive as to all matters put in issue, or which under the rules of law might have been put in issue on the trial of the case,' [cits.]" id., appellant's failure to assert that appellee did not provide her with a safe working place when litigating the matter before the appropriate tribunal precludes her from assert-

ing that claim now.

Finally, to the extent that appellant's pleadings may be construed to assert a cause of action under the Georgia Equal Employment for the Handicapped Code, OCGA § 34-6A-1 et seq., it appears that even if appellant qualifies as a handicapped person under OCGA § 34-6A-2 (2), a matter on which we intimate no opinion, her suit must nevertheless fail in that OCGA § 34-6A-4 (a) places no burden on any employer "to modify his physical facilities or grounds in any way or exercise a higher degree of caution for a handicapped individual than for any person who is not a handicapped individual." Therefore, because appellant's allegations disclose with certainty that she would not be entitled to relief under any state of probable facts, see generally *Frady v. Irvin*, 245 Ga. 307, 311 (5) (264 SE2d 866) (1980), the trial court's judgment is affirmed.

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 25, 1990.

*Michael C. Smith, E. Earl Seals*, for appellant.
*Glover & Davis, Carlton H. Jones III*, for appellee.