Argued and submitted May 13, reversed and remanded with instructions
December 30, 1992, respondent's petition for reconsideration allowed by opinion
April 21, 1993
See 119 Or App 442 (1993)

# Tamera Lynn McLEOD,
## *Appellant,*

*v.*

# TECORP INTERNATIONAL, LTD.,
## and Elie Mouakad, an individual,
## *Defendants,*
## *and*

# STATE FARM FIRE
# AND CASUALTY COMPANY,
## *Respondent.*

## (A8911-06443; CA A70093)
844 P2d 925

Mildred J. Carmack, Portland, argued the cause for appellant. With her on the briefs were David J. Lefkowitz and Schwabe, Williamson & Wyatt, Portland.

I. Franklin Hunsaker, Portland, argued the cause for respondent. With him on the brief were James L. Knoll and Bullivant, Houser, Bailey, Pendergrass & Hoffman, Portland.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

De MUNIZ, J.

## De MUNIZ, J.

This case began as an action for damages based on plaintiff's claims of sexual harassment that occurred while she was employed by defendant Tecorp International, Ltd. (Tecorp). Plaintiff obtained a default judgment against Tecorp and its Chief Executive Officer, Mouakad, for general damages, punitive damages, attorney fees and costs. She then brought this proceeding to garnish a liability insurance policy issued by State Farm Fire and Casualty Company (State Farm). The court granted State Farm's motion for summary judgment. Plaintiff appeals, contending that the court erred by granting State Farm's motion for summary judgment and by denying her motion for summary judgment. We reverse.

State Farm concedes that Mouakad and Tecorp are insureds under the policy. However, the parties disagree about how to read plaintiff's complaint. We construe plaintiff's complaint to allege five separate claims for relief that include unlawful employment practice, wrongful discharge, battery, intentional infliction of emotional distress and negligent training and supervision. If any claim underlying plaintiff's judgment against either defendant is a covered claim under the policy, then State Farm has a duty to pay.[1] *Mutual of Enumclaw Ins. Co. v. Gass*, 100 Or App 424, 428, 786 P2d 749, *rev den* 310 Or 70 (1990). The court granted summary judgment on the basis of a policy exclusion.

In a cross-assignment, State Farm also contends that there is no coverage because plaintiff did not sustain a covered bodily injury. In addition, State Farm contends that any injury plaintiff suffered was not the result of an occurrence as defined by the policy. We address the bodily injury issue first.

Bodily injury is defined in the policy as

"bodily injury, sickness, or disease sustained by any person which occurs during the policy period, including death at anytime resulting therefrom."

---

[1] The liability policy's insuring agreement provides:

"*[State Farm] will pay* on behalf of the insured *all sums which the insured shall become legally obligated to pay* as damages *because of bodily injury,* property damage or personal injury *caused by an occurrence to which the insurance applies.*" (Emphasis supplied.)

Plaintiff's affidavit states that, as a result of Mouakad's conduct, she suffered "nausea, depression, emotional and psychological distress, anxiety, embarrassment, hurt and pain." At a minimum, nausea and pain constitute a bodily injury under the policy. *See Albertson's Inc. v. Great Southwest Fire Ins. Co.*, 83 Or App 527, 529, 732 P2d 916 (1986), *rev den* 303 Or 332 (1987).

■      An occurrence is defined in the policy as

> "*an accident*, including continuous or repeated exposure to conditions, *which results in bodily injury* or property damage *neither expected nor intended* from the standpoint of the insured." (Emphasis supplied.)

All of the claims underlying plaintiff's judgment against Mouakad are based on Mouakad's intentional acts of sexual harassment. As to Mouakad, those claims do not fall within the definition of an occurrence and are not covered by the policy. *See Industrial Indemnity v. Pacific Maritime Assoc.*, 97 Or App 676, 680-81, 777 P2d 1385 (1989).

■      Plaintiff obtained judgment against Tecorp on her claims for unlawful employment practice, wrongful discharge, intentional infliction of emotional distress and negligent supervision and training. Tecorp's liability on plaintiff's claims for unlawful employment practice and wrongful discharge could be based on vicarious liability.[2] *Farris v. U.S. Fidelity & Guaranty*, 273 Or 628, 636, 542 P2d 1031 (1975). The relevant inquiry on those claims is whether Tecorp expected, foresaw or intended the alleged conduct. *Albertson's Inc. v. Great Southwest Fire Ins. Co., supra*, 83 Or App at 531; *Safeco v. House*, 80 Or App 89, 96, 721 P2d 862, *rev den* 302 Or 86 (1986). Vicarious liability is imposed as a risk allocation between the employer and an innocent plaintiff and, therefore, does not require any degree of fault on the employer's part.[3] *Farris v. U.S. Fidelity & Guaranty, supra*,

---

[2] Plaintiff's claim against Tecorp for intentional infliction of emotional distress alleges that Tecorp ratified Mouakad's conduct. If ratification requires intentional conduct, that claim would not fit within the policy's definition of an occurrence. We need not determine coverage for that claim, because at least two of plaintiff's other claims against Tecorp could be based on vicarious liability.

[3] State Farm argues that "[t]he intent or knowledge of corporate agents are imputed to the corporation, particularly where, as here, the corporation is a small company whose agent (the chief executive officer and only real supervisor) is acting

273 Or at 636. Plaintiff's claims for unlawful employment practice and wrongful discharge do not contain any allegation that Tecorp either intended or expected the resulting injury to plaintiff. From Tecorp's perspective, those claims meet the definition of "accident" and constitute an occurrence under the policy.

■　　　Next, we turn to the question of whether those two claims against Tecorp are excluded from coverage under the policy.[4] The policy excludes coverage for

> "bodily injury to any employee of the insured *arising out of* and in the course of *their employment by the insured* * * *." (Emphasis supplied.)

The court granted State Farm's motion for summary judgment on the basis of *Omark Industries v. Safeco Ins. Co. of America*, 590 F Supp 114 (D Or 1984). In that case, the court held that claims that an employer had engaged in systematic sex discrimination were excluded from coverage. The wording of the policy exclusion in *Omark* is identical to the exclusion in Tecorp's policy. A claim for injuries brought about by an employer's systematic policies and practices "arise[s] out of and in the course of" the employee's employment; however, the independent actions of an individual co-worker or third person do not necessarily "arise" out of employment. Consequently, *Omark* has no application here.

In *Progressive Casualty Ins. Co. v. Marca*, 100 Or App 726, 729, 788 P2d 490 (1990), we said that the phrase "arising in the course of employment" contained in the policy at issue in that case had the same meaning as the language in

_____

in the course and scope of his employment." That is correct insofar as it reflects the general proposition that corporations are treated as having performed actions by their agents that are in furtherance of the corporation's business. However, in insurance coverage cases, it is the insured's actual conduct, not the imputed conduct of another, that determines coverage. A corporation can be denied coverage because of the intentional acts of a shareholder or officer of the corporation only when the shareholder or officer so dominates and controls the officers of the corporation that the corporate entity must be disregarded. *See Minnesota Bond v. St. Paul Mercury Ins. Co.*, 72 Or App 187, 695 P2d 579, *rev'd on other grounds* 300 Or 85, 706 P2d 942 (1985). Nothing in the record on summary judgment tells us the percentage of Mouakad's stock ownership in Tecorp or establishes that he had absolute control over Tecorp's affairs.

[4] We note that plaintiff's claim against Tecorp alleging negligent supervision and training is clearly excluded from coverage under the policy.

ORS 656.005(7)(a)[5] that defines a compensable injury under the workers' compensation law. *See also I-L Logging Co. v. Mfgrs. & Whlse. Ind. Exc.*, 202 Or 277, 325, 273 P2d 212, 275 P2d 226 (1954). In *Carr v. U.S. West Direct Co.*, 98 Or App 30, 779 P2d 154, *rev den* 308 Or 608 (1989), the plaintiff had been sexually harassed, assaulted and raped by a supervisor during the course of the work day. We held that her injuries did not arise out of her employment, because there was no "causal link between the occurrence of the injury and a risk connected with the employment." 98 Or App at 35. *Barkley v. Corrections Div.*, 111 Or App 48, 53, 825 P2d 291 (1992), involved a convenience store clerk who was assaulted at work. In that case, we concluded that an assault against an employee arises out of employment when the assault is the result of the nature of the work or when it originates from some risk to which the work environment exposes the employee. The plaintiff's work environment, which subjected her to unavoidable and indiscriminate contact with the general public, increased her exposure to people who might commit violent crimes. That increased exposure established a sufficient relationship between the assault and a risk connected with the plaintiff's employment. Accordingly, we held that her injury arose out of her employment.

Here, there is no relationship between a risk connected with plaintiff's employment and the injuries that she suffered. We conclude that plaintiff's injuries, based on her claims against Tecorp for unlawful employment practice and wrongful discharge, did not arise out of her employment and are not excluded from coverage.

The court erred by granting State Farm's motion for summary judgment and by denying plaintiff's motion.

Reversed and remanded with instructions to enter judgment for plaintiff.

---

[5] ORS 656.005(7)(a) defines a compensable injury as

"an accidental injury, or accidental injury to prosthetic appliances, *arising out of and in the course of employment requiring medical services resulting in disability or death* * * *." (Emphasis supplied.)