Tamera Lynn McLEOD,
*Appellant,*

*v.*

TECORP INTERNATIONAL, LTD.,
and Elie Mouakad, an individual,
*Defendants,*

*and*

STATE FARM FIRE
AND CASUALTY COMPANY,
*Respondent.*

(A8911-06443; CA A70093)

850 P2d 1161

Ralph C. Spooner, Bruce H. Tompkins and Spooner & Much, P.C., Salem, for petition.

Before Rossman, Presiding Judge, and De Muniz and Leeson,* Judges.

De MUNIZ, J.

---

* Leeson, J., *vice* Buttler, J., retired.

## De MUNIZ, J.

State Farm Fire and Casualty Company petitions for review of our decision reversing a summary judgment in its favor. 117 Or App 499, 844 P2d 925 (1992). We treat the petition as one for reconsideration, ORAP 9.15(1), allow it, modify our opinion and adhere to it as modified.

In the underlying action, plaintiff claimed that she was sexually harassed by defendant Mouakad while she and Mouakad were employees of defendant Tecorp. After obtaining a default judgment against Tecorp and Mouakad, plaintiff brought this action to garnish defendants' liability insurance policy, which was issued by State Farm. The trial court granted State Farm's motion for summary judgment, and plaintiff appealed. We reversed and remanded with instructions to enter judgment for plaintiff. 117 Or App at 504.

■ State Farm complains that our opinion was "internally inconsistent," because we held that Tecorp could be vicariously liable for the conduct of Mouakad and also held that plaintiff's claim of sexual harassment did not arise out of her employment with Tecorp. Those are not inconsistent holdings. Mouakad's harassment of plaintiff while on the job exposed Tecorp to vicarious liability for that conduct.[1] The altogether different question of whether plaintiff's injuries "arose out of" her employment required that we determine whether there was a "causal link between the occurrence of the injury and a risk connected with the employment." *Carr v. U S West Direct Co.*, 98 Or App 30, 35, 779 P2d 154, *rev den* 308 Or 608 (1989). Because there was no such link in this case, plaintiff's claims against Tecorp did not arise out of her employment. 117 Or App at 504.

■■ State Farm also takes issue with our conclusion that plaintiff's unlawful employment practice and wrongful discharge claims against Tecorp were covered by the insurance policy. It argues that in neither claim did plaintiff allege that she had suffered "bodily injury." Our decision that plaintiff had made a showing of bodily injury was based on the fact that, in an affidavit that plaintiff attached to a memorandum submitted in support of her motion for summary judgment in

---

[1] Plaintiff alleged that, although she informed Tecorp of Mouakad's conduct, the conduct did not stop.

the garnishment proceeding, plaintiff swore that she had suffered, *inter alia*, nausea and pain as a result of defendants' conduct. 117 Or App at 502. State Farm contends that, because plaintiff did not specifically allege nausea and pain in the *complaint* that was filed in the underlying action, she did not make a bodily injury claim against defendant Tecorp and, as a result, the insurance policy does not apply and State Farm is entitled to judgment as a matter of law.

State Farm is correct that plaintiff's unlawful employment practice claim alleged that she suffered only lost wages. Accordingly, we modify our previous opinion to delete the reference to plaintiff's unlawful employment practice claim. 117 Or App at 504. However, in her wrongful discharge claim, plaintiff alleged that, as a result of her objections to Mouakad's sexual harassment, defendants constructively discharged her from her employment, and, as a result of the discharge, she "suffered mental and emotional distress[.]" Given that allegation, plaintiff would have been permitted to present proof at trial that she suffered from physical manifestations of her mental and emotional distress, *e.g.*, headaches, stomachaches, ulcers and associated pain. However, it was unnecessary for plaintiff to provide such proof in the sexual harassment action, because State Farm declined to defend the action, no relevant objections were made by defendants and the case was resolved by default. As we said in *Delta Sand & Gravel Co. v. General Ins. Co.*, 111 Or App 347, 352, 826 P2d 82, *rev den* 314 Or 175 (1992), an insurance company's

> "duty to pay is independent of the duty to defend and, even if the allegations of the complaint do not show an insured claim,[2] *the duty to pay can arise if the evidence at trial shows that judgment was in fact entered on a covered claim.*" (Emphasis supplied.)

Here, the case was resolved without a trial. However, the affidavit that was timely submitted by plaintiff in this proceeding shows that she suffered injuries that fall within the

---

2 We need not decide whether plaintiff's complaint, with its allegation of emotional and mental distress, was sufficient "to excite [petitioner's] awareness that the type of injury claimed could 'be reasonably interpreted' as coming 'within the coverage of the policy.' " *Albertson's Inc. v. Great Southwest Fire Ins. Co.*, 83 Or App 527, 529, 732 P2d 916, *rev den* 303 Or 332 (1987), *quoting Nielsen v. St. Paul Companies*, 283 Or 277, 281, 583 P2d 545 (1978).

policy definition of "bodily injury." Accordingly, the trial court erred in entering summary judgment for State Farm.

Reconsideration allowed; opinion modified and adhered to as modified.