Argued and submitted October 29, decision of the Court of Appeals reversed; judgment of the circuit court affirmed December 30, 1993

Tamera Lynn McLEOD,
*Respondent on Review,*

*v.*

TECORP INTERNATIONAL, LTD.,
and Elie Mouakad, an individual,
*Defendants,*

*and*

STATE FARM FIRE
AND CASUALTY COMPANY,
*Petitioner on Review.*

(CC A8911-06433; CA A70093; SC S40262)

865 P2d 1283

Ralph C. Spooner, Salem, argued the cause and filed the petition for petitioner on review.

Mildred J. Carmack, of Schwabe, Williamson & Wyatt, Portland, argued the cause and filed the response for respondent on review.

Judy Danelle Snyder, of Hoevet, Snyder & Miller, P.C., Portland, filed a brief for *amicus curiae* Oregon Trial Lawyers Association.

PETERSON, J.

**PETERSON, J.**

This case involves a bodily injury liability insurance policy that contained an exclusion for "bodily injury to any employee of the insured arising out of and in the course of their employment by the insured." The policy was issued by garnishee-defendant State Farm Fire and Casualty Company (defendant)[1] to defendant Tecorp International, Ltd., an Oregon corporation (Tecorp). Plaintiff was employed by Tecorp. The issue here is whether the exclusion quoted above applies to plaintiff's claims against Tecorp and its chief executive officer, co-defendant Mouakad, for wrongful discharge and intentional infliction of emotional distress. The trial court held that the exclusion applied and granted defendant's motion for summary judgment. The Court of Appeals reversed, ordering that summary judgment be granted for plaintiff. *McLeod v. Tecorp International, Ltd.*, 117 Or App 499, 844 P2d 925 (1992), *on reconsideration*, 119 Or App 442, 850 P2d 1161 (1993). We reverse the Court of Appeals and affirm the trial court.

ORCP 47 C provides that summary judgment shall be granted

> "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

On a motion for summary judgment, "[t]he court must view the admissible evidence that is in the record in the light most favorable to the nonmoving party. * * * If there remains any genuine issue of material fact, the motion must be denied." *Hickey v. Settlemier*, 318 Or 196, 203, 864 P2d 372 (1993). Here, the facts are not in dispute. We therefore set forth the undisputed facts to determine whether there is any "genuine issue as to any material fact." ORCP 47 C.

Defendant issued a comprehensive business liability insurance policy to Tecorp. Mouakad was Tecorp's chief executive officer. In the policy, defendant agreed to pay "all sums which the insured shall become legally obligated to pay

---

[1] We refer to garnishee-defendant State Farm Fire and Casualty Company (State Farm) as defendant. *See* note 2, below.

as damages because of bodily injury * * * caused by an occurrence." The policy defined "occurrence" as

> "an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured and with respect to personal injury, the commission of an offense, or a series of similar or related offenses."

The policy defined "bodily injury" as

> "bodily injury, sickness or disease sustained by any person which occurs during the policy period * * *."

Defendant's policy also contained an exclusion stating:

> "[T]his policy does not apply:
>
> "* * * * *
>
> "9. to bodily injury to any employee of the insured arising out of and in the course of their employment by the insured * * *."

Plaintiff's complaint against Tecorp and Mouakad contains five separate claims for relief. Plaintiff describes those five claims as follows:

1. Unlawful employment practices, seeking "back pay, fringe benefits, prejudgment interest, front pay, costs and attorney fees."

2. Wrongful discharge, seeking "lost wages, fringe benefits, prejudgment interest, lost future wages and an award of compensatory damages for mental and emotional distress * * * and an award of punitive damages."

3. Battery, seeking damages "for mental and emotional distress and compensatory damages * * * and an award of punitive damages."

4. Intentional infliction of emotional distress, seeking "damages for mental and emotional distress and compensatory damages * * * and an award of punitive damages."

5. Negligence, seeking damages against Tecorp only "for lost wages and an award of compensatory damages for mental and emotional distress."

Plaintiff concedes here that there is no coverage for the first and third claims. The Court of Appeals held that

claim 5 "is clearly excluded from coverage under the policy." *McLeod v. Tecorp International, Ltd., supra,* 117 Or App at 503 n 4. Plaintiff has not sought review of that holding. Accordingly, we consider only the second and fourth claims.

Defendant refused to defend Tecorp or Mouakad, and a default judgment was entered against Tecorp and Mouakad. Thereafter, plaintiff garnished defendant.[2] Defendant made a return that no money was owing to Tecorp or Mouakad from State Farm. Thereafter, plaintiff filed "allegations against garnishee," alleging that, under defendant's insurance policy, defendant was legally obligated to pay the judgments against Tecorp and Mouakad. Defendant filed an answer, admitting that the insurance policy had been issued to Tecorp and that plaintiff had obtained a judgment against Tecorp and Mouakad, but denying that it was liable on its insurance policy. Defendant's answer also contained a number of affirmative defenses, one being that the plaintiff's injuries were not "bodily injuries," within the meaning of defendant's policy, another being that "[t]here has been no 'occurrence' causing * * * 'bodily injury' * * * * as * * * defined in [defendant's] policy," and a third being that the policy did not apply to " 'bodily injury' to any employee of the insured arising out of or in the course of their employment by the insured."

---

[2] ORS 23.230 provides:

"Whenever a judgment debtor has a policy of insurance covering liability, or indemnity for any injury or damage to person or property, which injury or damage constituted the cause of action in which the judgment was rendered, the amount covered by the policy of insurance shall be subject to attachment upon the execution issued upon the judgment."

Garnishment is the procedure by which a judgment creditor can levy on tangible or intangible personal property of the defendant in the possession, control or custody of a third person. ORS 29.135. After a writ of garnishment is issued, the garnishee is required to make a return stating "whether the garnishee has any property of the defendant * * * in the possession, control or custody of the garnishee at the time of delivery of the writ of garnishment." ORS 29.235(1).

If the garnishee's certificate is "unsatisfactory to the plaintiff," the judgment creditor can ask the court for an order requiring the garnishee to "appear and be examined on oath." ORS 29.285. If the judgment creditor follows this procedure, the judgment creditor "shall serve upon the garnishee * * * written allegations." ORS 29.315. The allegations "are in the nature of a complaint." *Smith v. Conrad,* 23 Or 206, 211, 31 P 398 (1892). The garnishee has 10 days to "file an answer to the allegations." ORS 29.325(1). These procedures were followed in this case.

The garnishor is subrogated to the rights that the judgment debtor has against the garnishee. *Smith v. Conrad, supra,* 23 Or at 211.

Both parties moved for summary judgment. The trial court ruled that, because of the exclusion quoted above, defendant was entitled to summary judgment. Summary judgment was entered, and plaintiff appealed to the Court of Appeals. The Court of Appeals reversed, holding that plaintiff's second, third, and fourth claims were claims for "bodily injury" were caused by "an occurrence," within the meaning of defendant's policy, and that the exclusion did not apply. *McLeod v. Tecorp International, Ltd., supra*, 117 Or App at 502-04, *on reconsideration*, 119 Or App 442.[3]

Throughout this case, there have been three issues:

1. Did plaintiff sustain a "bodily injury," within the meaning of defendant's policy?

2. Were plaintiff's injuries caused by an "occurrence," as defined in defendant's policy?

3. Does the exclusion for "bodily injury to any employee of the insured arising out of or in the course of their employment by the insured" apply, thereby excluding coverage?

Because we conclude that the exclusion applies even if there is coverage, we need not and do not reach the first two questions.

A liability insurer's duty to defend turns on the allegations of the complaint:

> "If the complaint, without amendment, may impose liability for conduct covered by the policy, the insurer is put on notice of the possibility of liability and it has a duty to defend." *Ferguson v. Birmingham Fire Ins.*, 254 Or 496, 507, 460 P2d 342 (1969).

Both parties here treat the allegations in the complaint as determinative of defendant's duty to pay the judgment.[4]

---

[3] As stated above, 318 Or at 212, plaintiff no longer claims that coverage exists as to the third claim.

[4] Defendant asserts that portions of plaintiff's affidavit concerning her alleged "bodily injury" should not be considered. We need not decide whether those portions of plaintiff's affidavit were admissible, because they are not relevant to the basis on which we decide the case.

We therefore set forth the relevant allegations of plaintiff's complaint against Tecorp and Mouakad. All claims for relief contained these allegations:

"2. At all times material hereto, plaintiff was and is a resident of the State of Oregon and was employed by defendant as Administrative Assistant.

"* * * * *

"5. Plaintiff was hired by [Tecorp] on or about April 11, 1988. During plaintiff's employment with [Tecorp] defendant [Mouakad] subjected her to harassment intimidation and ridicule in that defendant [Mouakad] would make sexually inappropriate comments, sexual touchings, and sexual advances to the plaintiff. Such conduct was in violation of ORS 659.030.[5]

"* * * * *

"9. Because the plaintiff's complaints to both defendant [Mouakad] and to Mr. Troy Newman did not cause the cessation of the harassing conduct, plaintiff was forced to quit and was constructively discharged on June 7, 1988.

"10. As a result of said termination, plaintiff has suffered lost wages, fringe benefits and prejudgment interest in an amount to be determined at trial.

"11. Reinstatement to her job is not feasible due to the existence of a hostile, discriminatory work environment. Plaintiff is entitled to an award of front pay to compensate her for lost future wages."

In addition, her complaint contained these allegations in the second and fourth claims for relief.

### Second claim for relief

"15. As a result of plaintiff's objections to the sexual harassment conduct alleged above, defendants constructively discharged her from her employment."

---

[5] ORS 659.030(1)(b) states that it is an unlawful employment practice for an employer to discriminate against an individual because of that person's sex. The Bureau of Labor and Industries order that is in the file shows that plaintiff filed an unlawful employment practice complaint with the Bureau of Labor and Industries. Plaintiff opted to file a "civil suit," ORS 659.095(1), rather than to proceed administratively with her claim.

### Fourth claim for relief

"30. On June 7, 1988 defendant [Tecorp] ratified [Mouakad's] conduct by constructively discharging plaintiff from her employment.

"31. Defendant [Mouakad's] acts toward plaintiff were excessive, unreasonable, unnecessary and in willful disregard of plaintiff's employment rights."

 Normally, the interpretation of an insurance policy is a question of law. The "primary and governing rule of the construction of insurance contracts is to ascertain the intention of the parties." *Totten v. New York Life Ins. Co.*, 298 Or 765, 770, 696 P2d 1082 (1985). Interpretation of the policy first requires examination of the text and context of the policy as a whole, to determine whether the policy's text and context answer the question that is posed. *Hoffman Construction Co. v. Fred S. James & Co.*, 313 Or 464, 470, 836 P2d 703 (1992). The text and context of two exclusions in the policy answer the question that is posed here.

██ Under a separate heading — "Exclusions" — defendant's policy contains two relevant, related exclusions that state:

"[T]his policy does not apply:

"* * * * *

"6. to any obligation for which the insured or any carrier as their insurer may be held liable under any workers' or workmen's compensation, unemployment compensation or disability benefits law, or under any similar law.

"* * * * *

"9. to bodily injury to any employee of the insured arising out of and in the course of their employment by the insured * * *."

Construed together, the relationship of those two exclusions is clear. They aim to exclude from liability coverage any claim of an employee for bodily injury if the claim is connected with the employment of the insured's employee. Exclusion 6 excludes claims covered by "workers' or workmen's compensation, unemployment compensation or disability benefits laws, or under any similar law." The purpose of that exclusion is apparent. Oregon law requires all employers to provide specified protection for their employees.

With some exceptions, all employers in Oregon are required to provide workers' compensation benefits for the protection of their employees, either by purchasing workers' compensation insurance or by being self-insured. ORS 656.017(1). Employers also are required to contribute to an unemployment insurance fund. ORS 657.505. Exclusion 6 makes clear that defendant's policy will not cover claims of that type.

Even though the Workers' Compensation Law immunizes employers from some on-the-job claims for bodily injury, see ORS 656.018, there are other claims that employees may assert against employers that arise out of and in the course of their employment. Not all employees are required to be covered by the Workers' Compensation Law. Examples include: domestic servants, gardeners, casual workers, and newspaper carriers. ORS 656.027. The immunity of ORS 656.018(1) does not protect employers from claims for injury asserted by non-covered workers. In addition, even covered employees may be able to assert some bodily injury claims against an employer. For example, an employee injured "from the deliberate intention of the employer" is entitled to workers' compensation benefits but, nonetheless has a "cause of action against the employer, as if [the workers' compensation] statutes had not been passed * * *." ORS 656.156.

The manifest purpose of exclusion 9 is to exclude from coverage bodily injury claims of employees that arise out of and in the course of their employment, but that are not workers' compensation claims, unemployment compensation claims, disability claims, or claims under similar laws. Taken together, exclusions 6 and 9 exclude from liability insurance coverage all bodily injury claims of employees that arise from their employment. The question before us is whether plaintiff's second and fourth claims for relief arise from her employment at Tecorp. We conclude that they do.

The complaint demonstrates that the second and fourth claims are excluded by exclusion 9. Plaintiff alleges:

"At all times material * * * plaintiff was * * * employed by [Tecorp].

"At all times material hereto, [Tecorp] was * * * an employer subject to ORS 659.010 *et seq*.

"At all times material hereto, [Mouakad] was * * * employed by [Tecorp] in a supervisory capacity over plaintiff.

"Plaintiff was hired by [Tecorp] on or about April 11, 1988. During plaintiff's employment with [Tecorp], defendant [Mouakad] subjected her to harassment intimidation and ridicule in that defendant [Mouakad] would make sexually inappropriate comments, sexual touchings, and sexual advances to the plaintiff. Such conduct was in violation of ORS 659.030.

"Because the plaintiff's complaints to both defendant [Mouakad] and to Mr. Troy Newman did not cause the cessation of the harassing conduct, plaintiff was forced to quit and was constructively discharged on June 7, 1988."

Those allegations demonstrate that the second and fourth claims asserted by plaintiff arose during her employment at Tecorp and while she was on the job at Tecorp. Plaintiff's complaint contains no allegations concerning events that occurred other than in connection with her employment at Tecorp, during her employment at Tecorp, and while she was at work at Tecorp. Nothing in the record suggests a contrary conclusion. We therefore conclude that exclusion 9 applies, and defendant has no coverage that extends to plaintiff's second and fourth claims in this case.[6]

That conclusion is consistent with a recent Court of Appeals' decision, *Delta Sand & Gravel Co. v. General Ins. Co.*, 111 Or App 347, 826 P2d 82 (1992). In *Delta*, the two corporate plaintiffs were insureds under the defendant's liability policy. The policy contained an exclusion for claims for bodily injury to "any employee of the insured arising out of and in the course of his employment by the insured." *Ibid.*

---

[6] The Court of Appeals concluded that the words of exclusion 9 — "arising out of and in the course of * * * employment" — necessarily have the same meaning as the same phrase in the Workers' Compensation Law, ORS 656.005(7)(a). *McLeod v. Tecorp International, Ltd., supra*, 117 Or App at 504. Such a construction of the policy ignores the existence of exclusion 6, which expressly excludes workers' compensation claims. Indeed, such a construction of the policy gives no effect to exclusion 9 and effectively reads it out of the policy.

That court also stated that "the independent actions of an individual co-worker * * * do not necessarily 'arise' out of employment." *Id.* at 503. That may be true as concerns the individual co-worker, but as to the victimized employee, the injury arises out of the employment. *See* ORS 656.156(2) (worker injured due to deliberate act of employer entitled to workers' compensation benefits); *see also SAIF v. Barajas*, 107 Or App 73, 76, 810 P2d 1316 (1991) (worker stabbed by co-worker held entitled to compensation unless worker was the aggressor).

(Emphasis deleted.) An employee of the two insureds brought an action against them, asserting claims for assault and intentional infliction of emotional distress, all occurring while the plaintiff was at work, employed by the defendant. The defendant insurer asserted the exclusion as a defense to the plaintiffs' claims that the employee's claims were covered by the insurance policy. The plaintiffs settled the employee's claims and brought an action against the defendant insurer for their defense costs and amounts paid to settle the employee's claims. The trial court found for the insureds. The insurer appealed. The Court of Appeals reversed, saying:

"Defendant argues that the comprehensive general liability provisions exclude coverage for bodily injury arising out of and in the course of employment. Childs alleged in his complaint that he was an employee of both plaintiffs and, at the times relevant to the acts alleged in the complaint, was acting within the scope and course of his employment. Those allegations are not ambiguous and clearly fall within the exclusion. Accordingly, we find that defendant had no duty to defend under the bodily injury provisions of the comprehensive general liability policy." 111 Or App at 350-51.

The opinion also stated:

"Defendant next assigns error to the trial court's ruling that defendant had a duty to pay the settlement by plaintiffs with [the employee]. The duty to pay is independent of the duty to defend and, even if the allegations of the complaint do not show an insured claim, the duty to pay can arise if the evidence at trial shows that judgment was in fact entered on a covered injury. Here, the case was settled before judgment. However, defendant submitted excerpts from the depositions of [plaintiff and the employee] in support of its motion for summary judgment. The excerpts show that the settlement could not have been based on a covered injury. [The employee] had been performing work for Delta. It was that work that led to the incident alleged in the complaint. The injuries alleged arose out of and in the course of [the employee's] employment and, therefore, were excluded from coverage." *Id.* at 352 (citations omitted).

In the instant case, the policy exclusion is clear. Plaintiff's second and fourth claims against Tecorp and Mouakad are within exclusion 9. The trial court did not err in granting summary judgment to defendant based on exclusion

9. The Court of Appeals therefore erred in reversing the trial court.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is affirmed.