## S99Q1575. SCI LIQUIDATING CORPORATION v. HARTFORD FIRE INSURANCE COMPANY et al.

(526 SE2d 555)

BENHAM, Chief Justice.

Sunrise Carpet Industries ("Sunrise"), now known as appellee SCI Liquidating Corporation, filed suit in federal court seeking to recover from its insurance carriers, Hartford Fire Insurance Company ("Hartford Fire") and appellant Hartford Casualty Insurance Company ("Hartford Casualty"), the amount of a judgment entered against Sunrise in a Title VII sexual harassment suit filed by three former employees. Hartford Fire had insured Sunrise under a commercial general liability policy ("CGL policy") and Hartford Casualty had issued an umbrella liability policy ("umbrella policy") to Sunrise. Both insurers denied Sunrise's claims for recovery under the policies. The U.S. District Court for the Northern District of Georgia found that the policies covered the employees' sexual harassment claims against Sunrise and granted summary judgment to appellee.

On appeal, the U.S. Circuit Court of Appeals for the Eleventh Circuit, applying Georgia law to the diversity action, reversed the grant of summary judgment on the CGL policy. The appellate court determined that the umbrella policy's "bodily injury" provision did not provide coverage to Sunrise for the underlying sexual harassment, but that the employees' allegation of discrimination under Title VII appeared to be covered by the umbrella policy's definition of "personal injury" and "occurrence." Noting that the umbrella policy expressly excluded from coverage claims made by Sunrise employees for personal injury "arising out of and in the course of their employment[,]" the appellate court found the issue of whether a Title VII sexual harassment claim can be construed as "arising out of and in the course of employment" is unsettled under Georgia law. Accordingly, the Eleventh Circuit certified to this Court the following question for resolution:

> Does sexual harassment or retaliation by a supervisor trigger exclusion sixteen on page three of the umbrella insurance policy in this case, where the insurance policy excludes: "coverage afforded any of [the insured's] employees to 'bodily injury' or 'personal injury'. . . to other employees arising out of and in the course of their employment"?

After reviewing the applicable case law, we find that Exclusion No. 16 of the umbrella policy does not exclude coverage for Sunrise's claims originating from the sexual harassment suit.[1]

---

[1] We choose not to address Hartford Casualty's argument regarding Exclusion No. 4

Georgia courts have not construed the terms "in the course of" and "arising out of" employment outside the context of workers' compensation law. However, the same reasoning used in workers' compensation cases has been held to be applicable to general liability cases. *Gen. American Life Ins. Co. v. Barth*, 167 Ga. App. 605, 606-607 (307 SE2d 113) (1983); *IBM v. Bozardt*, 156 Ga. App. 794, 799 (275 SE2d 376) (1980) (cert. denied). In the context of workers' compensation, Georgia courts have distinguished the terms "in the course of" and "arising out of." "In the course of" employment has been defined as relating to the "time, place and circumstances under which injury takes place." *Murphy v. ARA Svcs.*, 164 Ga. App. 859, 861 (298 SE2d 528) (1982); *Potts v. UAP-Ga. Ag. Chem.*, 270 Ga. 14 (506 SE2d 101) (1998). "Arising out of" has been defined as "a causal connection between the conditions under which the work is required to be performed and the resulting injury." *Murphy*, supra. Sexual harassment claims have been held not to "arise out of" employment, even though they occur "in the course of" employment. Id.

In order to "arise out of" employment, an injury must be a risk of employment that a reasonable person could have foreseen due to the nature of the work. *Murphy*, supra. This definition does not include injuries to which an employee would have been exposed outside of the employment context, but only injuries that arise as a proximate result of the peculiar nature of the employment. Id. In *Murphy*, the Court of Appeals refused to hold that sexual harassment was traceable to a cafeteria worker's employment. The court reasoned that the injury was due to "the willful act of a third person for personal reasons" rather than a work-related condition.

To be compensable in the workers' compensation context, an injury must both occur "in the course of employment" and "arise out of employment." *Potts*, supra; *Garrett v. K-Mart Corp.*, 197 Ga. App. 374, 375 (398 SE2d 302) (1990). Similarly, Exclusion No. 16 is not triggered unless the injury both arises out of and in the course of employment since sexual harassment claims are construed under Georgia law as not having "arisen out of employment."[2] For the rea-

---

brought to this Court's attention in a supplemental brief. We believe that this argument is more appropriately directed to the Eleventh Circuit.

[2] We decline to follow the reasoning employed by the Oregon Supreme Court in *McCleod v. Tecorp Intl. Ltd.*, 865 P2d 1283, 1286-1288 (Or. 1993), in determining whether sexual harassment claims are excluded from coverage where the policy in question contained an exclusion for workers' compensation claims similar to Exclusion No. 2 in the instant case, as well as an exclusion similar to Exclusion No. 16 in the instant case that contained language resembling that used in the state workers' compensation act. In *McCleod*, the court reasoned that the language in the exclusion must be construed differently or else the two provisions would be redundant. We do not believe that the two provisions are redundant. Exclusion No. 2 of the umbrella policy bars claims covered under the Workers' Compensation Act. Exclusion No. 16 can be viewed as excluding all claims that "arise out of" and

sons stated above, we find that Exclusion No. 16 does not operate to preclude coverage for claims of sexual harassment filed by employees against Sunrise.

*Question answered. All the Justices concur, except Fletcher, P. J., who dissents.*

FLETCHER, Presiding Justice, dissenting.

Because the majority relies on workers' compensation law to interpret a commercial liability insurance contract, I dissent.

At issue in this case is the meaning of exclusion 16 in the umbrella liability insurance policy Hartford Casualty Insurance Company issued to Sunrise Carpet Industries, Inc. The use of workers' compensation law to guide the interpretation of a contract not involving workers' compensation is inappropriate. Workers' compensation is a state-imposed and regulated system that provides limited benefits to employees who suffer injuries on the job without regard to the traditional principles of tort law. Public policy concerns have led the legislature to mandate that courts interpret the workers' compensation act liberally in order to bring both employers and employees within its coverage,[3] but these concerns have no place in interpreting private contracts. Additionally, the umbrella policy contains a specific exclusion for claims covered by workers' compensation, and it is therefore illogical and redundant to incorporate workers' compensation law into exclusion 16.[4]

Exclusion 16 provides that the policy does not apply to coverage afforded for personal injuries "to other employees arising out of and in the course of their employment." Thus, the focus is on whether the claim arises out of and in the course of a plaintiff's employment, and not whether sexual harassment is within the scope of an employee's duties. According to the allegations of the plaintiffs' complaint in the underlying suit, a supervisor made the plaintiffs' submission to his sexual advances an express condition of employment, and Sunrise discriminated against the plaintiffs in retaliation for reporting the offensive conduct. Thus, the plaintiffs' claim clearly arose out of and in the course of their employment. This conclusion is consistent with the decisions of a majority of other courts interpreting similar policy exclusions.[5] Therefore, I would conclude that an employee's sexual

---

"in the course of" employment but are not covered by the Workers' Compensation Act. For instance, an employer who has less than three employees is not subject to the Workers' Compensation Act and thus Exclusion No. 2 would not serve to bar claims of employees that "arise out of" and "in the course of" employment.

[3] OCGA § 34-9-23.

[4] See *McCleod v. Tecorp Int'l Ltd.*, 865 P.2d 1283, 1286-1288 (Or. 1993).

[5] See, e.g., *American Motorists Ins. Co. v. L-C-A Sales Co.*, 713 A.2d 1007, 1011 (N.J. 1998) ("the clear weight of authority from other jurisdictions . . . favors enforcement of the

harassment of another employee triggers exclusion 16.

DECIDED FEBRUARY 28, 2000 —<br>RECONSIDERATION DENIED APRIL 11, 2000.

*Hine & Niedrach, Edward Hine, Jr., Erin M. Richardson,* for appellant.

*Lokey & Smith, Malcolm P. Smith,* for appellees.

*Anderson, Kill & Olick, Eugene R. Anderson, Richard P. Lewis, Amy Bach,* amici curiae.

---

employee exclusion to bar coverage for [discrimination] claims"); *Meadowbrook, Inc. v. Tower Ins. Co.,* 559 N.W.2d 411, 419-420 (Minn. 1997) ("It is incongruous to hold that [plaintiff's sexual harassment claim against employer] can arise anywhere but in the course and scope of a plaintiff's employment."); *Board of Education v. Continental Ins. Co.,* 604 N.Y.S.2d 399, 400 (1993) (sexual harassment and retaliatory discharge action arose out of employment and thus employee exclusion applied to bar coverage); *McCleod,* 865 P.2d at 1287-1288 (employee's sexual harassment claim not covered when policy excludes claim "arising out of and in course of employment"); *David v. Nationwide Mut. Ins. Co.,* 665 N.E.2d 1171, 1174 (Ohio Ct. App. 1995) (exclusion for injuries arising out of and in the course of employment bars coverage for emotional distress caused by sexual harassment by another employee); *Aberdeen Ins. Co. v. Bovee,* 777 S.W.2d 442, 444 (Tex. Ct. App. 1989) (employee's sexual harassment claim not covered when policy excludes claim "arising out of and in course of employment").