2001-NMCA-092

33 P.3d 901

**TRUCK INSURANCE EXCHANGE, Plaintiff–Appellant,**

v.

**Deborah J. GAGNON, Don R. Watroba, The Tomato Café, Inc. and Edward White, Defendants,**

and

**David Smith, Defendant–in–Intervention Appellee.**

No. 21,055.

Court of Appeals of New Mexico.

Aug. 23, 2001.

Certiorari Denied, No. 27,132, Oct. 31, 2001.

**152**

Lisa P. Ford, Beall & Biehler, P.A., Albuquerque, NM, for Appellant.

Jeffrey A. Dahl, Gordon S. Sargent, Lamb, Metzgar, Lines & Dahl, P.A., Albuquerque, NM, for Appellee.

*OPINION*

ROBINSON, Judge.

{1} The issue in this case is whether Tomato Café's (café) general comprehensive liability insurance policy covers a claim for sexual harassment of an employee. The trial court ruled that it does and granted summary judgment in favor of Defendants. We hold that the policy excluded coverage for injuries to employees, and reverse.

## I. BACKGROUND AND PROCEDURAL POSTURE

{2} David Smith (Smith), formerly a waiter at Tomato Café, filed suit in federal court against the café, its owners, and the manager of the café, claiming sexual harassment and a hostile work environment. Smith contended that in 1996, during the time he worked at the café, his manager, Edward White, sexually harassed him by asking him to lunch repeatedly and touching him in a flirtatious manner, even after Smith had asked White to leave him alone. Smith contended White also harassed him by discussing the different ways White wanted to have sex. Tomato Café had an insurance policy with Truck Insurance Exchange (the insurance company), which defended the action under a reservation of rights, and settled the claim for $20,500.00.

{3} Subsequently, in this action, the insurance company filed for a declaratory judgment that it was not required to pay under the policy. Defendants assigned their claims against the insurance company to Smith, and Smith intervened as a defendant. The insurance company and Smith stipulated to the facts, and each moved for summary judgment on the issue of coverage. The district court granted summary judgment in favor of Smith.

## II. STANDARD OF REVIEW

{4} Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Rule 1–056(C) NMRA 2001; *Self v. United Parcel Serv.,*

*Inc.*, 1998–NMSC–046, ¶ 6, 126 N.M. 396, 970 P.2d 582. We review the district court's ruling de novo. *Id.* ¶ 6.

## III. INSURANCE COVERAGE

{5} The insurance company contends that sexual harassment is not covered because the policy contains an exclusion for injuries to employees. The insurance company also contends that sexual harassment is not covered because the policy requires "bodily injury," and an "occurrence," which is defined in terms of an "accident." The insurance company argues that there has been no bodily injury or accident.

### A. Employee Coverage

{6} The policy provides for the following coverage:

### COVERAGE D—BUSINESS LIABILITY

We shall pay all sums for which you may become legally obligated to pay as damages caused by:

1. Bodily Injury, Personal Injury
2. Advertising Injury (subject to Deductible)
3. Property Damage

We shall pay up to the limit of liability for any one occurrence resulting from your business operations arising out of the insured location.

This coverage shall apply at a newly acquired location. It will cease if you do not report such location to us within 30 days of acquisition.

{7} Insurance contracts are construed using the same principles that govern the construction of contracts generally. *Rummel v. Lexington Ins. Co.*, 1997–NMSC–041, ¶ 18, 123 N.M. 752, 945 P.2d 970. The insurance contract is construed as a whole. *Id.* ¶ 20. Any ambiguity is construed against the insurer, and exclusions must be clearly expressed in the policy. *Id.* ¶¶ 22–23. When a court interprets the terms of an insurance policy that is unclear and ambiguous, the reasonable expectations of the insured guide the analysis. *Ponder v. State Farm Mut. Auto. Ins. Co.*, 2000–NMSC–033, ¶ 26, 129 N.M. 698, 12 P.3d 960. However, when the policy language is clear and unambiguous, we must give effect to the contract and enforce it as written. *Id.* ¶ 11.

### B. Employee Exclusion

{8} The employee exclusion, which consists of two clauses, is, in pertinent part, as follows:

### EXCLUSIONS

We do not pay for:

. . . .

2. Injury to any employee of yours arising out of and in the course of employment; if you are a partnership or a joint venture, to any partner or member of the joint venture.
3. Any obligations we or you may be held liable for under any workmen's or workers' compensation disability benefits law, or any similar law.

{9} In this case, we must decide whether Clauses 2 and 3 exclude coverage for all injuries to employees, or whether they only exclude coverage for worker's compensation injuries. The insurance company argues that the clauses express a blanket exclusion of all injuries to employees. Smith argues that the clauses only exclude coverage for injuries that are covered by workers' compensation. Following the great weight of authority, we agree with the insurance company.

{10} The policy language in our case reflects a common employee exclusion. *See, e.g., Meadowbrook, Inc. v. Tower Ins. Co.*, 559 N.W.2d 411, 418, 420 n. 21 (Minn.1997) (policy does not apply to "bodily injury to any employee of the insured arising out of and in the course and scope of his employment by the insured," and excluded obligations "of which the insured or any carrier as his insurer may be held liable under the workers' or workmen's compensation, * * * or under any similar law" (internal quotation marks and citations omitted)); *Am. Motorists Ins. Co. v. L–C–A Sales Co.*, 155 N.J. 29, 713 A.2d 1007, 1009 (1998) (the policy did not apply to "[a]ny obligation under a workers' compensation, disability benefits or unem-

ployment compensation law or any similar law," or to " '[b]odily injury to ... [a]n employee of the insured arising out of and in the course of employment by the insured' " (internal quotation marks and citation omitted)).

{11} The overwhelming weight of authority is that employee exclusion clauses in general comprehensive liability policies like the one in this case exclude coverage for sexual harassment of employees. *See I–L Logging Co. v. Mfrs. & Wholesalers Indem. Exch.,* 202 Or. 277, 273 P.2d 212, 220, 222 (in banc) (the purpose of business liability policies is to cover damages to members of the public, as distinguished from damages to employees) *on rehearing* 202 Or. 277, 275 P.2d 226 (1954); *McLeod v. Tecorp Int'l, Ltd.,* 318 Or. 208, 865 P.2d 1283, 1287–88 (Or.1993) (en banc) (employee exclusion precluded coverage for employee's claim of wrongful termination and intentional infliction of emotional distress); *Nat'l Union Fire Ins. Co. v. Kasler Corp.,* 906 F.2d 196, 198–200 (5th Cir. 1990) (employee exclusion applied to injuries to employee sustained when a tool touched a power line); *Omark Indus., Inc. v. Safeco Ins. Co.,* 590 F.Supp. 114, 116–20 (D.Or.1984) (employee exclusion applied to employee discrimination claim); *Am. Motorists Ins. Co.,* 713 A.2d at 1011–14 (employee exclusion applied to wrongful termination claim); *cf. W. Am. Ins. Co. v. Bank of Isle of Wight,* 673 F.Supp. 760, 765–66 (E.D.Va.1987) (emotional injury from wrongful termination is not covered under the employee exclusion); *State Farm Fire & Cas. Co. v. Compupay, Inc.,* 654 So.2d 944, 947 (Fla.Dist.Ct.App.1995) (sexual harassment is not covered because the policy "clearly and unambiguously excludes from insurance coverage an injury to an employee caused by another employee in the course of employment"); *Cornhill Ins. PLC v. Valsamis, Inc.,* 106 F.3d 80, 86 (5th Cir.1997); *Bd. of Educ. v. Cont'l Ins. Co.,* 198 A.D.2d 816, 604 N.Y.S.2d 399, 400 (1993); *David v. Nationwide Mut. Ins. Co.,* 106 Ohio App.3d 298, 665 N.E.2d 1171, 1174 (1995); *Aberdeen Ins. Co. v. Bovee,* 777 S.W.2d 442, 444 (Tex.App.1989); *Smith v. Animal Urgent Care, Inc.,* 208 W.Va. 664, 542 S.E.2d 827, 834–36 (W.Va.2000); *Ottumwa Hous. Auth. v. State Farm Fire & Cas. Co.,* 495 N.W.2d 723, 726–27 (Iowa 1993); *Meadowbrook,* 559

N.W.2d at 419–20 (sexual harassment clearly arises out of employment and is not covered because it is excluded under the employee exclusion). There are only a few cases to the contrary. *But see SCI Liquidating Corp. v. Hartford Ins. Co.,* 272 Ga. 293, 526 S.E.2d 555, 557 (2000) (holding that "arising out of" is interpreted the same way as in worker's compensation law, and since sexual harassment does not "arise out of" employment under worker's compensation law, employee exclusion does not exclude coverage); *Maine State Acad. of Hair Design, Inc. v. Commercial Union Ins. Co.,* 699 A.2d 1153, 1158–60 (Me.1997) (insurance company had a duty to defend sexual harassment claim because some injuries pled may have arisen outside of work, and some injuries, disparagement and invasion of privacy, might be covered under the language of the policy).

{12} We decline to follow *SCI Liquidating Corp.* and *Maine State Acad. of Hair Design.* We note that *Maine State Acad. of Hair Design* is distinguishable, and not strongly in favor of Smith's position, because it is based on specific facts that some of the incidents occurred outside of work, and the fact that some injuries (disparagement and invasion of privacy) may have been covered under the policy's specific language. *Maine State Acad. of Hair Design,* 699 A.2d at 1158–59.

{13} Despite those authorities, Smith argues that Clauses 2 and 3 should be read together to exclude only workers' compensation injuries. However, the weight of authority is that, read together, the two clauses express a blanket exclusion for all injuries to employees arising out of and in the course of employment whether or not they are covered by workers' compensation. *See Meadowbrook,* 559 N.W.2d at 420; *Am. Motorists Ins. Co.,* 713 A.2d at 1013 (rejecting claim that the policy only excluded workers' compensation claims because to do so would make the "arising out of employment" clause redundant); *McLeod,* 865 P.2d at 1288 n. 6 (clauses must be read together to exclude all claims by employees; contrary interpretation would read the "arising out of" clause out of the policy); *Nat'l Union Fire Ins. Co.,* 906 F.2d at 198–99 (holding that limiting exclusion to workers' compensation claims would

make the other clause, "arising out of," meaningless); *Omark Indus., Inc.*, 590 F.Supp. at 119; *Harnden v. Cont'l Ins. Co.*, 612 S.W.2d 392, 393–96 (Mo.Ct.App.1981); *Fieldcrest Cannon, Inc. v. Fireman's Fund Ins. Co.*, 124 N.C.App. 232, 477 S.E.2d 59, 70–71 (N.C.Ct.App.1996) (holding that the two clauses, read together, exclude all bodily injuries to employees, including intentional infliction of emotional distress and negligent infliction of emotion distress, and are not ambiguous.); *cf. Omni Aviation Managers, Inc. v. Buckley*, 97 N.M. 477, 481, 641 P.2d 508, 512 (1982) (if possible, court will give effect to all parts of the contract and avoid an interpretation that makes a portion superfluous). *But see SCI Liquidating Corp.*, 526 S.E.2d at 557 (holding that "arising out of" is interpreted the same way as in worker's compensation law, and since sexual harassment does not "arise out of" employment under worker's compensation law, employee exclusion does not exclude sexual harassment from coverage); *Fed. Rice Drug Co. v. Queen Ins. Co.*, 463 F.2d 626, 630 (3d Cir. 1972).

■ {14} Smith also argues that since sexual harassment does not "arise out of" employment for purposes of workers' compensation, *Coates v. Wal–Mart Stores, Inc.*, 1999 NMSC 013, ¶¶ 25–28, 127 N.M. 47, 976 P.2d 999, and *Cox v. Chino Mines/Phelps Dodge*, 115 N.M. 335, 337–38, 850 P.2d 1038, 1040–41 (Ct.App.1993), then as a matter of law it does not "arise out of" employment for purposes of interpreting an insurance contract, and therefore, sexual harassment is not excluded from coverage. Other courts have rejected this argument, recognizing that the policies underlying workers' compensation law are different from those implicated in interpreting an insurance contract. *Am. Motorists Ins. Co.* declined to hold that "arising out of" for purposes of workers' compensation law, is the same as for an insurance policy. *Id.* The court found "More instructive is the clear weight of authority from other jurisdictions that favors enforcement of the employee exclusion to bar coverage for claims similar to that advanced by plaintiff." 713 A.2d at 1011. The court in *Smith*, 542 S.E.2d at 834–36, also rejected an argument that because sexual harassment did not "arise out

of" employment for purposes of workers' compensation law, it could not "arise out of" employment for purposes of the employee exclusion of an insurance contract. *Smith* noted that "arising out of" should be treated differently in an insurance context from a workers' compensation context. *Id.* at 835. "The use of workers' compensation law to guide the interpretation of a contract not involving workers' compensation is inappropriate." *Id.* (quoting *SCI Liquidating Corp.*, 526 S.E.2d at 557–58 (Fletcher, J., dissenting)). *Smith* expressly rejected the majority opinion in *SCI Liquidating Corp.*

{15} We agree with the reasoning in both *Am. Motorists Ins. Co.* and *Smith.* By definition, sexual harassment occurs at work. *See Meadowbrook*, 559 N.W.2d at 420 ("It is incongruous to hold that such a claim [hostile work environment] can arise anywhere but in the course and scope of a plaintiffs' [sic] employment."). Moreover, to adopt Smith's argument, we would have to take a position contrary to the vast majority of courts, and hold that sexual harassment is covered by a general comprehensive liability policy. We decline to do so.

■ {16} Our conclusion that "arising out of," as used in an employee exclusion in an insurance policy, need not be governed by the meaning of the phrase under the Workers' Compensation Act (WCA), and is also supported by *Coates*, which recognized that the workers' compensation scheme addresses concerns different from those addressed by federal civil rights acts. *Coates* refused to hold that the WCA provided the worker's exclusive remedy for sexual harassment. *Coates*, 127 N.M. 47, 976 P.2d 999, 1999–NMSC–013, ¶ 26. Here, the insurance contract deals with different concerns and issues from those underlying the WCA, and we see no compelling reason to conclude that the phrase "arising out of employment" in an insurance policy must be interpreted identically to the phrase when it is used in a workers' compensation context.

{17} We hold that the general comprehensive liability policy in this case excludes coverage for injuries to employees, and consequently does not cover sexual harassment of

employees. We note that Employment Practices Liability Insurance policies that specifically cover sexual harassment, employment discrimination, and similar claims, are readily available to employers. *See McLeod,* 865 P.2d at 1287.

### C. Waiver

■ {18} Smith has also argued that the insurance company may not deny coverage because a different policy, issued to a Tomato Café at another location, contained language specifically excluding sexual harassment from coverage. Smith argues that since the insurance company did not protect itself with similar language in the policy issued to the location in this case, the insurance company has waived any argument that the policy in this case excludes coverage for sexual harassment. We reject this argument. The policy, issued to a different Tomato Café and expressly excluding coverage for sexual harassment, was issued in 1997, a year after the events giving rise to this case. The policy in force at the specific location, and for the relevant time period, is the policy that governs this case. Smith has cited no authority that would require us to hold that the insurance company has waived its right to rely on the policy in force at the location at which, and during the time, the sexual harassment occurred. Smith relies on *Modisette v. Foundation Reserve Ins. Co.,* 77 N.M. 661, 427 P.2d 21 (1967), *Empire West Cos. v. Albuquerque Testing Labs., Inc.,* 110 N.M. 790, 800 P.2d 725 (1990), *Shaeffer v. Kelton,* 95 N.M. 182, 619 P.2d 1226 (1980), and *McMullen v. United Brotherhood of Carpenters & Joiners of Am.,* 34 N.M. 523, 285 P. 489 (1930). These cases are not on point. *Modisette* involved misrepresentations by an insured in an insurance application. *Empire West Cos.* and *Shaeffer* are not insurance cases, and involve acceptance of work that was already performed. *McMullen* held that a union was estopped from denying membership to a member when it had accepted his dues for sixteen years.

### CONCLUSION

{19} We reverse and remand with instructions to enter summary judgment in favor of the insurance company.

{20} **IT IS SO ORDERED.**

WE CONCUR: RICHARD C. BOSSON, Chief Judge and M. CHRISTINA ARMIJO, Judge.