Argued and submitted August 13, 2008, affirmed January 28, 2009

OREGON STATE BAR PROFESSIONAL LIABILITY FUND;
Gregory C. Newton;
and Newton Law Firm, P.C.,
an Oregon professional corporation,
*Plaintiffs-Respondents,*

*v.*

Chad BENFIT
and Lisa Benfit,
husband and wife;
Matthew Deitemeyer and Zida Deitemeyer,
husband and wife;
Michael Gross and Janice Gross,
husband and wife;
David Hubel and Jean Hubel,
husband and wife;
Matt Hubel and Jennifer Hubel,
husband and wife;
Marc Jenquin and Carol Jenquin,
husband and wife;
Ryan Hubel and Bede Hubel,
husband and wife;
Phil Courtney and Toby Courtney,
husband and wife;
Arlee Holm and Nancy Holm,
husband and wife;
Terry Basolo; Jack Basolo; Andrew Hubel;
Isidro Davalos and Elfida Davalos,
husband and wife;
Ronald Namba;
William McLeod and Gloria McLeod,
trustees;
Gary Guerber and Linda Guerber,
husband and wife;
Linn Whitaker and Barbara Whitaker,
husband and wife;
and Center for Enhanced Training, Inc.,
an Oregon corporation,
*Defendants-Appellants,*

*and*

Richard STILLMOCK
and Center For Enhanced Training, LLC,
nka CETNW, LLC,
*Defendants.*

Multnomah County Circuit Court
060909811; A136910

201 P3d 936

John M. Berman argued the cause and filed the briefs for appellants.

William G. Earle argued the cause and filed the brief for respondents. With him on the brief was Davis Rothwell Earle & Xochihua P.C.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.

EDMONDS, P. J.

**EDMONDS, P. J.**

Defendants appeal a declaratory judgment entered by the trial court in favor of plaintiffs pursuant to ORS 28.010. Defendants are investors in a business enterprise who, in an underlying action, brought claims against two attorneys (Case and Newton) who are insured against professional liability by the Oregon State Bar's professional liability fund (PLF). The issue in this case concerns the extent of coverage for liability provided by the PLF and whether the underlying claims made by the investors are "the same or related" as defined by the PLF's Claims Made Plan (the Plan). We conclude that the trial court properly determined that coverage provided for defendants' claims by the Plan is limited to $300,000. Accordingly, we affirm the judgment of the trial court.

The Plan includes a $300,000 limit of coverage for claims that are the "same or related" as defined in the policies at issue. The PLF filed an action for declaratory relief in the trial court seeking a determination of whether the Plan was required to cover claims that had been made by defendants, taking the position that the claims were the "same or related" and, therefore, the limitation on coverage applied. Defendants filed counterclaims, including, as relevant here, a request for declaratory judgment that the claims were not the "same or related." The parties moved for partial summary judgment under ORCP 47 based on stipulated facts. The trial court granted the PLF's motion and denied defendants' motion, leading to the entry of a declaratory judgment in favor of plaintiffs. This appeal followed.

The relevant facts are undisputed as set forth in the stipulation filed by the parties. In the furtherance of their objective to start a business for the purpose of providing continuing education for dentists, Ferchland and Holm (the organizers) hired Case to assist them in forming and starting their company. Accordingly, Case drafted the necessary documents to form a limited liability company (LLC). In addition, he provided legal advice relating to the sale of interests in the LLC to investors. After a number of membership interests had been sold, Case became concerned about the possible lack of compliance with state and federal securities laws. He

discussed that concern with the organizers and the company's accountant. As a result, the accountant, with authorization from the organizers, contacted Newton and set up a meeting at which Newton was to provide guidance to the accountant and Case "on possible securities issues." After his meeting with Newton, Case advised the organizers to have a similar meeting with Newton, which occurred. The organizers subsequently retained Newton as their legal counsel.

Thereafter, Newton advised the organizers that the LLC be merged into a new corporation. Because the corporation was to have the same name as the LLC, the LLC, based on Newton's advice, changed its name on the same day as the merger. As a part of the merger, each membership unit in the LLC was exchanged for one share of common stock in the corporation. Shortly thereafter, the company offered the investors an opportunity to rescind their investments. However, none of them accepted that offer.

Some months after the merger, the investors sued the organizers, Case and Newton. The amended complaint filed in connection with that action[1] alleged that the organizers, with Case's assistance, sold the investors' unregistered membership interests in the LLC in violation of ORS 59.115(1)(a), and, as a result, the investors were entitled to recover their original investments in the company along with interest and attorney fees from the organizers and Case. The investors further alleged that the organizers and the LLC had retained Newton "to provide advice with regard to violation of the Oregon securities laws by [themselves and Case]." The complaint also alleged that after Newton was retained, the organizers and Newton violated state securities law by exchanging the membership interests in the LLC for stock that was not registered as required under ORS chapter 59. Accordingly, the investors also sought to recover their original investment in the company along with interest and attorney fees from Newton. The amended complaint also sought

---

[1] The amended complaint was included as an exhibit to the stipulated facts provided by the parties to the trial court. Further, the parties stated that the stipulation was for the purpose of resolving "whether the claims asserted, if proven, would result in an obligation on the part of the PLF to indemnify Newton * * * or if Newton 'shared' the coverage afforded to Case[.]" Consequently, we express no opinion as to the liability of any party.

recovery for alleged misrepresentations made in connection with both the original sale of membership interests and the merger and exchange of membership interests.[2] Both Case and Newton had PLF plans in place in the year the claims by the investors were made against them.

The parties to the underlying action ultimately entered into a settlement agreement whereby the PLF paid $300,000 to the investors and the claims against Case were dismissed. In addition, the parties agreed that they would litigate the issue of whether the PLF was required to provide additional coverage for the claims that had been made against Newton and that the investors' recovery against Newton would be limited to any amount provided by the PLF pursuant to the Plan. Thereafter, the PLF along with Newton and Newton's law firm filed this declaratory judgment action naming the investors and the corporation as defendants.

The trial court, based on the parties' stipulation, which included the provisions of the Plan, concluded that the claims against Case and Newton were the "same or related" as defined by the Plan, holding that the PLF

> "has one coverage limit of $300,000 applicable to the claims against Gary L. Case for his representation prior to August 15, 2005 that resulted in the sale of membership interests in [the LLC] and to claims against Gregory C. Newton arising a) from the issuance of shares of stock of [the corporation] in exchange for membership interests in [the LLC] and b) the attempted statutory rescission[.]"

The court then entered declaratory judgment in favor of plaintiffs, declaring that under the terms of the PLF's plan, the claims against Newton were the same as or related to the claims against Case for which the PLF had already paid one coverage limit of $300,000 and that Newton had no additional coverage under his PLF policy.

■ The parties to this appeal have framed only one core issue for us to decide: whether, pursuant to the Plan, the claims for which appellants sought recovery from Newton are

---

[2] The amended complaint also included claims by certain later investors that are not relevant to this appeal.

the "same [as] or related" to the claims against Case. Accordingly, our resolution of this case turns on the proper interpretation of that provision of the Plan. Insurance policies, such as the one at issue here, are "contractual in nature and are interpreted, for the most part, like any other business contract." *Employers Insurance of Wausau v. Tektronix, Inc.*, 211 Or App 485, 502-03, 156 P3d 105, *rev den*, 343 Or 363 (2007) (footnote omitted). We interpret them as a matter of law. *Id.* Our objective is to give effect to the intentions of the parties as expressed by the terms of the policy. *Id.* at 503. The interpretation of a provision in an insurance policy first requires an examination of the text in the particular context "to determine whether the policy's text and context answer the question that is posed." *McLeod v. Tecorp International, Ltd.*, 318 Or 208, 215, 865 P2d 1283 (1993). "We begin with the wording of the policy, applying any definitions that are supplied by the policy itself and otherwise presuming that words have their plain, ordinary meanings." *Tualatin Valley Housing v. Truck Ins. Exchange*, 208 Or App 155, 159, 144 P3d 991 (2006), *rev den*, 342 Or 344 (2007). If the terms at issue are "susceptible to more than one plausible interpretation" we proceed to "examine those terms in the broader context of the policy as a whole." *Id.* at 160. Generally, where the terms of an insurance contract are ambiguous even when considered in context, the policy will be construed against the drafter. *Id.*

In accordance with the above principles, we observe that the terms of the Plan provide that "[i]f this Plan and one or more other Plans issued by the PLF apply to the SAME OR RELATED CLAIMS, then regardless of the number of claimants, clients, COVERED PARTIES, or LAW ENTITIES involved, only one [$300,000] Limit of Coverage * * * will apply." (Uppercase in original.) We need not resort to a dictionary to assess the ordinary meaning of the phrase "same or related claims"; the Plan itself defines the term "same or related claims" to mean:

> "two or more CLAIMS that are based on or arise out of facts, practices, circumstances, situations, transactions, occurrences, COVERED ACTIVITIES, damages, liability, or the relationships of the people or entities involved (including clients, claimants, attorneys, and/or other advisors) that

are logically or causally connected or linked or share a common bond or nexus."

(Uppercase in original.) Initially, we conclude that the above definition of the phrase "same or related claims" is not ambiguous or reasonably susceptible to more than one plausible meaning. Indeed, the phrase is broadly defined and expressly encompasses a number of considerations that are clear on their face. Pursuant to the policy definition, two claims are the "same or related" where they arise out of any of the listed categories between which there is a causal or logical connection or common bond or nexus.

The evidentiary record on summary judgment demonstrates that the claims at issue in this case fall within the Plan's definition as the "same or related" as a matter of law. The clients represented by both attorneys were the same or were at least connected to one another. The business enterprise was started by the organizers for the purpose of providing continuing education to dentists. As part of that business enterprise, Case formed an LLC and performed legal work to assist the organizers in securing investors. Newton thereafter changed the form of the business, whose purpose remained the same, and did legal work to retain the investments made by the same investors. Moreover, the professional malpractice claims against both attorneys arise out of the efforts of Case and Newton to retain the same investment funds for the organizers. Case's failure to properly comply with securities laws gave rise to the later employment of Newton, who sought to remedy what Case had not accomplished. Additionally, as evidenced by the amended complaint, the claims by the investors against Newton and Case sought the same damages. Indeed, the complaint specifically refers to the investors' original investments in the company as the basis of their claim for damages against Case. Likewise, in the demand for relief against Newton, the investors sought to recover their original investments in the company.

We conclude, therefore, that the claims against Case and Newton are the "same or related" as that term is defined within the Plan. Accordingly, the trial court correctly concluded that the $300,000 limit of coverage applies to Newton's coverage under the Plan.

Affirmed.